UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
In re:

                                       Chapter 11 Case

**MYPLAY DIRECT, INC.,**                Case No. 16-12457

                    Debtor.

--------------------------------------------------------------x

## INDEX OF DOCUMENTS FILED
## <u>WITH CHAPTER 11 PETITION</u>

Exhibit A:      Declaration Under Local Bankruptcy Rule 1007-2

                    Schedule 1:    List of Twenty Largest Unsecured Creditors
                    Schedule 2:    Schedule of Assets and Liabilities
                    Schedule 3:    List of Nonresidential Real Property Leases
                    Schedule 4:    List of Pending Actions
                    Schedule 5:    Cash Receipts and Disbursements

Exhibit B:      Corporate Resolution

Exhibit C:      List of Equity Interests

Exhibit D:      Corporate Ownership Statement

Exhibit E:      Creditor Matrix

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:
                                           Chapter 11 Case

**MYPLAY DIRECT, INC.,**                Case No. 16-12457
Tax I.D. No. 27-0608434,

                      Debtor.
-------------------------------------------------------------x

### DECLARATION OF JEREMY BERNSTEIN
### PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK      )
                            )   ss:
COUNTY OF NEW YORK   )

       Jeremy Bernstein, being duly sworn, deposes and states the following under penalty of perjury, subject to 18 U.S.C. § 1001:

1.    I am the Interim Chief Financial Officer of MyPlay Direct, Inc. ("MyPlay" or the "Debtor") and have held that position since May 20, 2016.  In that capacity, I have knowledge of, and experience with, the business and financial affairs of the Debtor.

2.    I submit this declaration ("Declaration") pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to assist the Court and other parties in interest in understanding the Debtor's circumstances and the events leading to the Debtor's filing of a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor filed its chapter 11 petition on August 25, 2016 (the "Petition Date").

3.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with the Debtor's financial and legal advisors and shareholders, my review of relevant documents, information provided to me by employees of the

Debtor, or my opinion based upon my experience, knowledge and information concerning the

Debtor. If called upon to testify, I would testify to the facts set forth in this Declaration.

## PRELIMINARY STATEMENT

4.     Part I of this Declaration provides a general overview of the Debtor's organizational

and corporate structure and a description of the business.  Part II describes the circumstances

giving rise to the commencement of the chapter 11 case and the Debtor's goals in this case.

Finally, Part III outlines the information required by Local Bankruptcy Rule 1007-4.

### I.  Organizational, Corporate and Debt Structure and Description of Business

#### (a) Background

5.     MyPlay is a Delaware corporation that was created in 2009 as a wholly-owned

subsidiary of SONY DADC New Media Solutions Inc. ("SONY").  The company began as an

internal services unit providing end-to-end digital marketing and commerce services within Sony

Music Entertainment and in the fall of 2012 forward began servicing third parties as a direct to

consumer e-commerce business with multiple online stores focusing on media, music and

entertainment. From this point on, MyPlay sold SONY products, SONY excess inventory, and

owned third party products, and entered into license agreements with third parties to design,

manufacture and sell products relating to particular musical artists and television shows.

(MyPlay has never had its own manufacturing facilities; the manufacturing was outsourced to

third parties.)  The products and inventory were then offered online to fans of the musical artists

and television shows.  On occasion, e-mail lists of fans were provided to MyPlay by SONY or

others, and the online marketing would be supplemented by direct e-mail marketing.

6.     In late 2012, SONY entered into a sub-sublease with The Limited Stores (the

"Limited") for executive office and design space at 400 Lafayette Street in New York City.  The

Limited itself was a subtenant, as its affiliate, Limited Brands, Inc. had entered into a lease dated March 19, 2007 with landlord Sand Associates for the second and third floors at 400 Lafayette Street and then, pursuant to a sublease dated August 3, 2007, Limited Brands, Inc. subleased all of that space to the Limited.

7.      The SONY sub-sublease, which was dated December 5, 2012, was solely for the second floor space at 400 Lafayette Street (the "Premises"), not for the second *and* third floor space leased by the Limited, and pursuant to a Sub-Sublease Assignment and Assumption Agreement dated February 10, 2015, SONY assigned the sub-sublease to MyPlay.  (I will hereinafter refer to the sub-sublease as the "MyPlay Lease".)  The assumption and assignment to MyPlay was consented to in writing by both the Limited and Sand Associates, the ultimate landlord, and provides, among other things, that MyPlay indemnifies SONY for any claims, liabilities and damages relating to MyPlay's failure to perform its obligations as tenant under the MyPlay Lease from the effective date of the assignment forward.

8.      The base rent under the MyPlay Lease is currently $946,156.10 per year.  Pursuant to the MyPlay Lease, MyPlay is also obligated to pay additional rent, including direct payments to utility companies for gas and electric service, and payments to the Limited for MyPlay's proportional share of real estate taxes, the costs of water and sprinkler service, and the salary of a lobby attendant.  The total annual cost to MyPlay under the MyPlay Lease is in excess of $1,150,000, and is by far MyPlay's single largest recurring expense.

9.      In late 2015, SONY negotiated the sale of its ownership interest in MyPlay to MyPlay Acquisition LLC, a Delaware limited liability company that was and is owned by CN Partners II, LLC (90%) and SONY (10%).  The stock sale occurred on February 1, 2016.

**(b) The Current Structure and Operation of the Business**

10.    As a result of SONY's sale of its interest in MyPlay to MyPlay Acquisition LLC, in which SONY has only a 10% interest, the Debtor no longer sells SONY's excess inventory.  It generally continues to perform under its license agreements, and where license agreements have expired pursuant to their terms, to sell off remaining inventory with the knowledge and cooperation of the licensors.  At present, MyPlay's business is predominantly the sale of such inventory, and the marketing and sale of vinyl records.

11.    In an effort to reduce its overhead, MyPlay has moved from an in-house e-commerce platform that costed the company more than $200,000 per month, to "Shopify," an e-commerce platform that permits the Debtor to maintain its "Popmarket" website for less than $1,000 per month.  Online orders are processed for MyPlay by Shopify and are then relayed through an e-commerce logistics automation solution called Hub Logix to MyPlay's warehousing and fulfillment provider, Alliance Entertainment, a company that provides storage and distribution services to retailers in the music and entertainment industries. In addition to warehousing MyPlay's inventory and fulfilling MyPlay's orders, Alliance Entertainment also maintains its own media product inventory, which, due to MyPlay's custom integration, MyPlay has the ability to sell through Popmarket. MyPlay utilizes this integration to sell products it does not have in stock, broadening its assortment and helping to fulfill orders of sold out products.

12.    MyPlay has eleven employees, who work from both the premises that are subject to the MyPlay lease and from the premises at 33 Irving Place in New York City.  To the best of my knowledge, the Debtor has no secured debt, but for the claim of its warehouser, which claim is the subject of one of the Debtor's "first day" motions.  It is current in its payment obligations to both of its landlords, and is also generally current in the payment of taxes, which it pays when

4

due. Some pre-petition taxes may be unpaid, either in the ordinary course of the accrual/billing cycle, or as a result of the bankruptcy filing.  Though the Debtor is not seeking "first day" authority to pay pre-petition taxes, it may do so in the course of the Chapter 11 case, as it becomes necessary or appropriate.

## II.    Events Leading To Chapter 11 and Chapter 11 Goals

### (a)  Recent Changes to the Business

13.    In the past six months, the Debtor has taken steps to decrease its overhead, such as transitioning to a significantly less expensive e-commerce platform, as I've discussed above, reducing the number of employees from over 50 employees to eleven key employees, and where possible, eliminating costly software solutions.  (By way of example of the last item, MyPlay is moving from NetSuite to Quickbooks.) In addition, MyPlay has allowed many of its license agreements to expire pursuant to their terms, as the licenses were on terms that were highly unfavorable to the Debtor.   The Debtor's operational changes have enabled it to move from losses of $500,000 per month to losses of $100,000 per month, exclusive of the impact of the MyPlay Lease.

14.    MyPlay has some outstanding obligations and unpaid bills in connection with its licenses and products, and certain highly unfavorable license agreements, which it hopes to address in this Chapter 11 case.  However, the critical problem that exacerbated MyPlay's financial and business difficulties and made the filing of a bankruptcy case a necessity is the MyPlay Lease obligation of more than $97,000.00 per month, and the behavior of MyPlay's landlord with respect to that obligation.

(**b**) **The MyPlay Lease Situation**

15.    In February 2016, MyPlay engaged a real estate broker to market the Premises, with
the goal of identifying a replacement tenant acceptable to the Limited and Sand Associates.
However, despite MyPlay's success in identifying parties interested in subleasing the Premises,
the Limited made it very clear to MyPlay and MyPlay's real estate broker that Sand Associates,
the prime landlord, would not consent to any replacement tenant unless the replacement tenant
was a large profitable company *and* prepared to sign a new, long-term lease agreement. [1] The
Limited's representatives also eventually directed MyPlay's real estate broker to stop marketing
the MyPlay Lease.[2]  These positions taken by the Sand Associates and the Limited effectively
crippled MyPlay's efforts to identify a replacement tenant and assign or sublease the existing
MyPlay Lease.

16.    Despite these many challenges, MyPlay continued to try to address the lease
problem outside of bankruptcy, and again approached the Limited in the hope of reaching an
agreement about a consensual termination of the MyPlay Lease.  MyPlay raised the possibility of
negotiating the payment of a material amount of money and the return of the Premises to the
Limited, a structure to which the Limited initially indicated it was amenable. Significant
payment offers were then made by MyPlay, and rejected out of hand by the Limited.

17.    It eventually became clear that the Limited's idea of "negotiating" about an early
termination of the MyPlay Sublease was simply to demand that MyPlay pay the Limited the full
amount due through the expiration date of the MyPlay Lease – an amount that the Limited put at

---

[1] MyPlay has no privity with Sand Associates and has had no direct communications with Sand Associates.

[2] On May 19, 2016, the Limited sent a letter to MyPlay requesting access to the Premises so that the Limited could
inspect and show the space.  Currently, real estate brokers representing the Limited are the brokers on record on
commercial real estate listing websites for the MyPlay space.

16-12457-scc    Doc 2    Filed 08/25/16    Entered 08/25/16 17:44:43    Main Document
Pg 9 of 54

more than $2.2 million -- *and* return the Premises to the Limited.  Nonetheless, the parties,

including the Limited, MyPlay and SONY, continued to communicate about the possibility of a

negotiated resolution of the situation, until the receipt by MyPlay and SONY of a letter dated

June 10, 2016 from the Limited.  The letter was titled "Notice of Default," and alleged that:

(i) the assignment of the MyPlay Lease from SONY to MyPlay (to which the Limited and Sand

Associates had consented in writing) had been rendered invalid by SONY's sale of MyPlay;

(ii) SONY was in violation of the use clause and had abandoned the Premises; and (iii) rent and

additional rent were due for April through June.

18.    MyPlay, while taken completely by surprise by the Limited's actions, continued to

act in good faith, and (despite being told by the Limited that MyPlay was not the tenant under the

MyPlay Lease) immediately tendered payment of the rent and additional rent, including the late

charges, interest and attorneys' fees asserted by the Limited.  The Limited responded with a

letter dated June 15, 2016 titled "Notice of Continuing Default" and addressed to MyPlay, in

which the Limited: (i), acknowledged receipt of the payment of $321,172.32 – the full amount

demanded by the Limited in its letter of a few days earlier; (ii) reiterated the Limited's allegation

that the consensual assignment from SONY to MyPlay was invalid and a breach of the lease[3];

and (iii) reiterated the Limited's allegation that SONY had abandoned the Premises and therefore

ceased to use the Premises as executive offices and a design studio.

19.    MyPlay responded to the Limited by letter dated June 24, 2016, noting that there

were no payment defaults under the MyPlay Lease and making it clear that the Premises had not

been abandoned but rather continued to be used as MyPlay's executive offices and meeting

space, as specifically authorized by the MyPlay Lease.  SONY also sent a letter dated June 24th,

---

[3] The Limited included with its June 15th letter a copy of a letter dated March 2, 2016 from Sand Associates to the Limited about SONY's sale of MyPlay.

a copy of which it provided to MyPlay, responding to the Limited's allegation that the assignment was invalid, and noting that there was nothing in the assignment or lease-related documents which conditioned the consent of the Limited and/or Sand Associates to the assignment upon SONY continuing to own MyPlay.

20.    The next communication from the Limited was a letter dated July 11, 2016 to SONY, a copy of which was sent to the Debtor, asserting a new claim for attorneys' fees (the previous demand for attorneys' fees having been satisfied by MyPlay's payment), but not disclosing the amount of such fees. The July 11th letter also repeated the allegation that the assignment was invalid, but provided no evidence that the landlords' consent to the assignment was conditioned upon SONY continuing to own MyPlay, and repeated the allegation that SONY had abandoned the Premises.

21.    Three days' later, the Limited sent a "Notice of Additional Default" to both SONY and MyPlay.  The new default alleged related to a notice of mechanic's lien dated June 30, 2016, which was apparently sent by the lienholder to Sand Associates and to SONY, but not to MyPlay. The July 14th letter also asserted that the new amount owed in attorneys' fees and expenses was $19,990.19.

22.    MyPlay paid the amount asserted under the lien -- $4,592.76 -- promptly after it became aware of the lien filing. The mechanic's lien has been terminated, and MyPlay has provided the Limited with a copy of the lien termination.  The Debtor also advised the Limited in writing that (i) MyPlay contests both the validity and the reasonableness of the new demand for attorneys' fees, and requests sufficient detail to evaluate the demand, and (ii) MyPlay is not in default of any of the monetary or the non-monetary provisions of the MyPlay Lease, and that it is

troubled by the flurry of letters from the Limited, which suggest that the Limited is searching for defaults where none exist. [4]

23.    Despite the significant challenges posed by the efforts of the Limited to de-rail the process,[5] MyPlay's efforts to find a new tenant for the MyPlay Lease have proven successful. MyPlay has identified a party that wants to assume the MyPlay Lease and move into the Premises as quickly as possible.  This would relieve MyPlay of an extremely burdensome obligation and allow it to focus on the restructuring of its business.

**(c)    Chapter 11 Goals**

24.    MyPlay intends to move to assume and assign the MyPlay Lease immediately after the Petition Date.  If it is able to assign the MyPlay Lease, it will be able to focus its attention and energy on the longer term issue of determining the best course for the business. MyPlay's preference would be to complete a true restructuring and negotiate a plan of reorganization with creditors, and to that end, the Debtor is already in discussions with potential sources of debtor-in-possession financing, and exit financing.

25.    As of the Petition Date, the focus of the Debtor's operations is its vinyl records business, which has been optimized for the sale of existing owned inventory, the pre-release of new vinyl records and high-margin print-on-demand products.  The Debtor has also been working diligently to maximize the value of its relationships in the digital media world to explore new, low-cost forms of data-driven and video marketing in order to strategically improve

---

[4] The Debtor has asked the Limited on multiple occasions to confirm that the Limited is not in default of its obligations under the lease documents to either its affiliate, Limited Brands, Inc. or to Sand Associates, but has gotten no response to that seemingly straightforward question.

[5] During the early stages of the negotiations, the Limited repeatedly indicated that it was Sand Associates, the prime landlord, who was the impediment to MyPlay's efforts to find a replacement tenant to take over the MyPlay Lease. The Limited's subsequent conduct places that in doubt, but any question about who wishes to de-rail the transfer of the MyPlay Lease will be definitively answered by the Limited's actions in this Chapter 11 case.

its product offerings and net profits.  MyPlay is hopeful that if the financial drain of the MyPlay

Lease can be eliminated, the business may be able to generate positive cash flow by the fourth

quarter of 2016. But whatever happens, the Debtor intends to do its best to stabilize its

operations, and maximize value for the benefit of its estate and creditors.

## III. INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-4

26.    It is my understanding that Local Rule 1007-4 requires certain information related

to the Debtor, which is set forth below.

27.    This case was not originally commenced under any other chapter of the Bankruptcy

Code.

28.    No committee of creditors has been formed in the case to date.

29.    The Debtor is not a small business debtor within the meaning of section 101(51D)

of the Bankruptcy Code.

30.    As of the Petition Date, the Debtor's existing management consists of myself, and

Steffen Harleib, the Debtor's President.

31.    The Debtor does not have any publicly held securities.

32.    None of the Debtor's property is in the possession or custody of any custodian,

public officer, mortgagee, pledgee, assignee of rents, or secured creditor (but for the Debtor's

warehouse discussed *supra*), or agent for any such entity.  Almost all of the Debtor's assets are

located within the United States, but I note that some of the Debtor's online customers place

orders from the United Kingdom or other parts of Europe.  The Debtor's pre-petition bank

accounts are all domestic (First Republic Bank in California), though some accounts hold funds

in foreign currencies.

10

33.    As discussed above, the Debtor is a party to a nonresidential real property lease for premises 400 Lafayette Street, 2nd floor, New York, NY 10003 pursuant to a Sub-Sublease Assignment and Assumption Agreement dated February 10, 2015 between SONY and the Debtor, a sub-sublease agreement between the Limited and SONY dated December 5, 2012, and related documents.   SONY is located at 550 Madison Avenue, New York, NY 10022 and the Limited is located at 7775 Walton Parkway, New Albany, Ohio 43054.  The Debtor also leases space at 33 Irving Place, New York, NY 10003 pursuant to a membership agreement for community office space dated May 3, 2016 with 33 Irving Tenant LLC d/b/a WeWork. WeWork is also located at 33 Irving Place, New York, NY 10003.

34.    The Debtor's books and records are primarily located online and stored through the NetSuite online service provider (contact person: jeremy@popmarket.com).  Certain other business records are located at its premises on Irving Place and its premises on Lafayette Street.

35.    To the best of my knowledge, there are no secured claims against the Debtor, but for the claim of the Debtor's warehouse, discussed *supra*.

36.    **Schedule 1**, annexed hereto, lists the 20 largest unsecured claims against the Debtor as of the Petition Date, exclusive of claims of insiders, and for each, the name of the claimant, address, telephone number, contact person, amount of the claims and whether the claim is contingent, unliquidated, disputed or partially secured.

37.    **Schedule 2**, **annexed** hereto, is a summary of the Debtor's assets and liabilities as of the Petition Date.

38.    **Schedule 3,** annexed hereto, is a list of the nonresidential real property leases to which the Debtor is a party.

11

39.   **Schedule 4**, annexed hereto, lists the nature and present status of every action or proceeding, pending or threatened against the Debtor or its property, where a judgment against the Debtor or seizure of its property may be imminent, including case number, court, and the name and address of the counter-party and its counsel, if any.

40.   It is estimated that the Debtor's salaries for its employees (exclusive of officers and directors) for the thirty (30) day period following the Petition Date will total approximately $49,836.76.

41.   It is estimated that salaries for the Debtor's officers and directors for the thirty (30) day period following the Petition Date will total approximately $23,076.92.

41.   **Schedule 5**, annexed hereto, is a summary of the Debtor's estimated cash receipts and cash disbursements for the thirty (30) day period following the Petition Date.

42.   The Debtor will submit the following motions on or shortly after the Petition Date:

(a)   Debtor's Motion of the Debtor for an Order Authorizing Payment of Pre-Petition Accrued Employee Wages, Salaries, Expenses and Related Taxes and Payment of Employee Benefits;

(b)   Debtor's Motion for an Order Pursuant to Section 105(a) of the Bankruptcy Code Authorizing (I) Use of Existing Business Forms and Records; (II) Limited Maintenance of Existing Corporate Bank Accounts; and (III) Maintenance of Cash Management System;

(c)   Debtor's Motion for an Order Authorizing the Debtor to Pay, in the Ordinary Course of Business, the Prepetition Secured Claims of Its Warehouser;

(d)   Motion for an Order (I) Authorizing the Debtor to Obtain Post-Petition Secured Financing; (II) Modifying the Automatic Stay; and (III) Scheduling a Final Hearing;

(e)   Debtor's Application for Entry of an Order Authorizing the Retention of Halperin Battaglia Benzija, LLP as Bankruptcy Counsel to the Debtor, Nunc Pro Tunc to the Petition Date; and

(f)   Debtor's Motion for the Entry of an Order, Pursuant to Section 365 of the Bankruptcy Code Authorizing it to Assume and Assign a Certain Non-Residential

Real Property Lease, (premises located at 400 Lafayette Street, New York, NY 10003).

43.     Notwithstanding anything to the contrary contained in this Declaration or any schedule annexed hereto, nothing in this Declaration or any schedule is intended to be, or should be construed as, an admission with respect to (a) the liability for the amount of, the enforceability of or the validity of any claim, (b) the existence, validity, enforceability, or perfection of any lien, mortgage, charge, pledge or other grant of security for any claim or (c) the proper characterization of any transaction or financing as a sale or financing.

44.     The Debtor reserves the right to amend or supplement any of the attached schedules in the event additional information is obtained by the Debtor.

Dated: New York, New York
        August 25, 2016

                                MYPLAY DIRECT, INC.
                                Debtor and Debtor-in-Possession

                                By:  _/s/ Jeremy Bernstein_____
                                        Name: Jeremy Bernstein
                                        Title: Interim Chief Financial Officer


I, Jeremy Bernstein, am the Interim Chief Financial Officer of MyPlay Direct, Inc.  I hereby under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.


                                _/s/ Jeremy Bernstein___

**<u>Schedule 1</u>**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **MyPlay Direct, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **UMGD 3905 Vincennes Road, Suite 400 Indianapolis, IN 46268** | **John Kahlow** john.kahlow@umusic.com | | | | | $514,685.95 |
| **Sony Music Entertainment PO Box 28571 New York, NY 10087** | **Neil Carfora** neil.carfora@sonymusic.com | | **Contingent Disputed** | | | $399,020.56 |
| **AETN 235 E 45th Street Attn: Pres or Gen Counsel New York, NY 10017** | **Jill Tully** jill.tully@aenetworks.com | | **Disputed** | | | $375,000.00 |
| **Amazon Web Services LLC (ACH) PO BOX 84023 Seattle, WA 98124-8423** | **Vinoda Mukku** aws-receivables-support@email.amazon.com | | | | | $248,578.94 |
| **ADOBE SYSTEMS INCORPORATED 75 Remittance Drive Suite 1025 Chicago, IL 60675** | **Ginger Craft** gcraft@adobe.com | | | | | $237,510.00 |
| **SONY DADC UK LTD Southwater Busin Pk,WorthingRd Southwater, West Sussex RH13** | **Ian Harper** ian.harper@sonydadc.com | | **Contingent Disputed** | | | $133,627.56 |
| **Hinduja Global Solutions 4355 Weaver Parkway, Suite 310 Warrenville, IL 60555** | **Gopal K. Gumadavalli** gopal.gumadavalli@teamhgs.com | | | | | $76,645.16 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | **MyPlay Direct, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Mountain State Software** 1884 Kabletown Rd Charles Town, WV 25414 | **Pete Kolocuris** petek@ms3-inc.com | | **Disputed** | | | $76,065.00 |
| **SONY MUSIC ENT INT'L** Am Ölbach 19 33334 Gütersloh, Germany | **Andreas Druecker** andreas.druecker@bertelsmann.de | | **Contingent Disputed** | | | $72,491.68 |
| **PROVIDENT DISTRIBUTION LLC** 741 Cool Springs Blvd. Franklin, TN 37067 | **Lori Lott** lori.lott@pmgsonymusic.com | | | | | $62,298.49 |
| **Alliance Entertainment** 1401 NW 136th Ave, Ste 100 Fort Lauderdale, FL 33323 | **Beth Singer** beth.singer@aent.com | | | | | $57,402.73 |
| **Stream20** 5201 Great America Pkwy Suite 320 Santa Clara, CA 95054 | **Jie Feng** jie.feng@stream20.co.uk | | | | | $55,873.43 |
| **2 Entertain Television Center** 101 Wood Lane, London W12 7FA | **Eliska Brizgalova** eliska.brizgalova@sonydadc.com | | | | | $55,279.39 |
| **EDR & Associates, Inc** 5 Partridge Lane Guilford, CT 06437-1328 | **Eileen Reader** edr@edrinc.net | | | | | $46,108.50 |
| **WEA Special Markets** 32253 Collection Center Dr. Chicago, IL 60693 | **Uma Patil** uma.patil@wmg.com | | | | | $45,640.73 |
| **AMC** 5000 N. Parkway Calabasas,#210 Attn: Pres or Gen Counsel Calabasas, CA 91302 | **Russell Binder** russell@strikerent.com | | | | | $41,006.32 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor   **MyPlay Direct, Inc.**                                Case number *(if known)*
_____                                  _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Sony Pictures Television 10202 W. Washington Blvd. Jack Cohn Bldg. Ste 3167 Culver City, CA 90232 | Christopher Lucero christopher_lucero @spe.sony.com | | Contingent Disputed | | | $38,472.57 |
| Jakprints Inc 3133 Chester Ave. Cleveland, OH 44114 | Julie McClain jumcclain@jakprints.com | | | | | $29,637.26 |
| RED Music-SonyMusicEntertainmt P.O. Box 28571 Attn: Pres. or Gen. Counsel New York, NY 10087 | Neil Carfora neil.carfora@sonymusic.com | | Contingent Disputed | | | $29,027.21 |
| MERIDIAN INTERNATL VAT CONSULT Level 8, Westgate House Westgate, London W5 1YY UK | Sonata Zelionyte Sonata.Zelionyte@meridianglobalservices.com | | | | | $28,792.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                 Best Case Bankruptcy

## Schedule 2

**Balance Sheet as of 8/25/2016**

| | |
|---|---:|
| Cash Balance | $24,796 |
| Receivables | $308,000 |
| Inventory Return | $86,973 |
| Inventory | $881,433 |
| Total Assets | $1,301,202 |
| | |
| Lease Obligation | ($1,600,000) |
| A&E Payables | ($375,000) |
| UMG Payables | ($516,303) |
| Other Payables | ($2,294,113) |
| Total Liabilities | ($4,136,749) |
| | |
| **NET BALANCE** | **($2,835,547)** |

# Schedule 3

## Nonresidential Real Property Leases

| Location Address | Landlord Name & Address |
|---|---|
| 400 Lafayette Street, 2nd Floor<br>New York, NY 10003 | Debtor is subtenant (by assignment from SONY DADC US Inc.) to:<br><br>Limited Stores, LLC<br>PO Box 182674<br>Columbus, OH 43218-2674<br><br>- With notice copy to –<br><br>Limited Stores Lease Services<br>52 Westerville Square Shopping Center<br>PMB #275<br>Westerville, OH 43081<br><br>Prime Landlord:<br><br>Sand Associates<br>400 Lafayette Street<br>New York, NY 10003 |
| 33 Irving Place, 3rd Floor<br>New York, NY 10003 | 33 Irving Tenant LLC<br>b/d/a WeWork<br>33 Irving Place<br>New York, NY 10003<br>WeWork Membership Agreement<br>(community office space agreement) |

## Schedule 4
Pending Litigation

| Case Name | Case Number | Court | Plaintiff's Counsel |
|-----------|-------------|-------|---------------------|
| None. | | | |

**Schedule 5**

# 13 Week Cash Flow

*August 24, 2016*

| Week: | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| | **8/26/16** | **9/2/16** | **9/9/16** | **9/16/16** |

**SUMMARY**

| | | | | |
|---|---|---|---|---|
| Collections | $42,909 | $52,500 | $55,125 | $57,881 |
| **Operating Expenses** | | | | |
| Cost of Sales | ($11,798) | ($9,870) | ($11,438) | ($12,010) |
| Payroll & Benefits | $0 | ($54,000) | $0 | ($38,000) |
| Rent | $0 | ($111,000) | $0 | $0 |
| Platform | $0 | ($27,000) | $0 | $0 |
| Insurance | $0 | ($9,000) | $0 | $0 |
| Warehousing | $0 | ($6,000) | $0 | $0 |
| Legal | $0 | $0 | $0 | ($1,000) |
| Consultants | ($16,000) | ($10,500) | $0 | ($18,000) |
| Office Supplies & Misc. | $0 | ($1,000) | $0 | ($1,000) |
| **Total Operating Expenses** | ($27,798) | ($228,370) | ($11,438) | ($70,010) |

**Exhibit B**

## RESOLUTIONS ADOPTED BY THE SOLE MEMBER
## OF THE BOARD OF DIRECTORS OF MYPLAY DIRECT, INC.

The undersigned, being the sole director of MyPlay Direct, Inc., a Delaware corporation (the "Company"), hereby consents to the adoption of the following resolutions taking or authorizing the actions specified:

RESOLVED, that the filing by the Company of a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York is hereby authorized; it is

FURTHER RESOLVED, that the Company be and it hereby is authorized to execute a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that any officer of the Company be, and (s)he hereby is, authorized and directed to execute and file as officer of the Company a petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York; it is

FURTHER RESOLVED, that any officer of the Company be, and (s)he hereby is, authorized and directed, on behalf of the Company, to execute and deliver all necessary documents so that the Company may enter into a debtor-in-possession financing facility and/or a cash collateral facility; it is

FURTHER RESOLVED, that any officer of the Company be, and (s)he hereby is, authorized and directed, on behalf of the Company, to retain the law firm of Halperin Battaglia Benzija, LLP, as bankruptcy counsel to the Company, to render legal services to, and to represent, the Company in connection with such proceeding and other related matters in connection therewith, on such terms as such officer shall approve; it is

FURTHER RESOLVED, that any officer of the Company be, and (s)he hereby is, authorized and directed, on behalf of the Company, to retain other professional persons, advisors and consultants to the Company, including but not limited to financial advisors, to render services to the Company in connection with such proceeding, general operation of the business, and other related matters in connection therewith, on such terms as such officer shall approve; it is

{00257887.2 / 1136-001 }

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any officer or officers of the Company in connection with the reorganization of the Company or any matter related thereto, or by virtue of these resolutions are hereby in all respects ratified, confirmed and approved."

Dated: August 23, 2016

Arnold Jung

**<u>Exhibit C</u>**

# United States Bankruptcy Court
## Southern District of New York

In re  **MyPlay Direct, Inc.**

Debtor(s)

Case No. _____

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **MyPlay Acquisition LLC<br>900 Third Avenue, 19th Floor<br>c/o Columbus Nova<br>New York, NY 10002** | **100% owner** | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Interim Chief Financial Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **August 25, 2016**

Signature  **/s/ Jeremy Bernstein**

**Jeremy Bernstein**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**<u>Exhibit D</u>**

# United States Bankruptcy Court
## Southern District of New York

In re   **MyPlay Direct, Inc.**

_____

Debtor(s)

Case No. _____

Chapter   **11** _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **MyPlay Direct, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**August 25, 2016**
_____
Date

**/s/ Alan D. Halperin**
_____
**Alan D. Halperin**
Signature of Attorney or Litigant
Counsel for   **MyPlay Direct, Inc.**
**Halperin Battaglia Benzija, LLP**
**40 Wall Street**
**37th Floor**
**New York, NY 10005**
**(212) 765-9100 Fax:(212) 765-0964**

**<u>Exhibit E</u>**

2 ENTERTAIN
TELEVISION CENTER
101 WOOD LANE, LONDON W12 7FA


33 IRVING TENANT LLC
D/B/A WEWORK
33 IRVING PLACE
NEW YORK, NY 10003


A CROWDED COOP
14253 169TH DR SE SUITE #147
MONROE, WA 98272


A&E TELEVISION NETWORKS, LLC
235 E 45TH STREET
NEW YORK, NY 10017


ABBY SHOT CLOTHIERS LIMITED
75 BARBOUR DRIVE
MOUNT PEARL, NL A1N 2X3


ABLE BUILDING SERVICES LLC
280 MADISON AVE, SUITE 710
NEW YORK, NY 10016


ACROSS THE PUDDLE
349 SPYGLASS DR
RIO VISTA, CA 94571


ADOBE SYSTEMS INCORPORATED
75 REMITTANCE DRIVE SUITE 1025
CHICAGO, IL 60675


ADOBE SYSTEMS, INC.
550 E TIMPANOGOS CIR
OREM, UT 84097


AEC DIRECT, LLC
1401 NW 136TH AVE, STE 100
ATTN: GEORGE CAMPAGNA, CFO
FORT LAUDERDALE, FL 33323

AETN
235 E 45TH STREET
ATTN: PRES OR GEN COUNSEL
NEW YORK, NY 10017


AFGO MECHANICAL SERVICES
36-14 32ND STREET
LONG ISLAND CITY, NY 11106


AIR MTM


AKAMAI TECHNOLOGIES, INC.
PO BOX 26590
NEW YORK, NY 10087


ALERT LOGIC
75 REMITTANCE DRIVE SUITE 6693
CHICAGO, IL 60675


ALLIANCE ENTERTAINMENT
1401 NW 136TH AVE, STE 100
FORT LAUDERDALE, FL 33323


AMAZON WEB SERVICES LLC (ACH)
PO BOX 84023
SEATTLE, WA 98124-8423


AMC
5000 N. PARKWAY CALABASAS,#210
ATTN: PRES OR GEN COUNSEL
CALABASAS, CA 91302


AMC FILM HOLDINGS LLC
11 PENN PLAZA
NEW YORK, NY 10011


AMERICAN CLASSICS APPAREL, INC
339 COUNTY ROAD 591
HANCEVILLE, AL 35077


ARTIST SERIES GUITAR, INC.
1415 REVERE DR
FULLERTON, CA 92831

AT&T
PO BOX 1809
ATTN: PRES OR GEN COUNSEL
PARAMUS, NJ 07653


ATTASK, INC.
3301 THANKSGIVING WAY
#100, ATTN: PRESIDENT OR LEGAL
LEHI, UT 84043


AUTOMATIC DATA PROCESSING LTD.
SYWARD PL, PYRCROFT RD.
CHERTSEY,SURREY KT169JT


AXIS ENTERPRISES, INC.
8 WEST 38TH STREET, 3RD FL.
NEW YORK, NY 10018


AXIS PROMOTIONS
8 W 38TH ST., 3RD FL.
NEW YORK, NY 10018


AZUKI SYSTEMS, INC.
43 NAGOG PARK
ACTON, MA 01720


BANDPAGE
334 BRANNAN STREET
ATTN: PRES OR GEN COUNSEL
DALY CITY, CA 94017


BANDPAGE, INC.
334 BRANNAN STREET
SAN FRANCISCO, CA 94107


BEARDO
139 GRAND RIVER ST. N. PARIS
ATTN: PRES OR GEN COUNSEL
ONTARIO N3L1Z5


BELGIUM VAT AUTHORITY
LEVEL 8, WESTGATE HOUSE
LONDON W5 1YY

BERKSHIRE HALTHAWAY GUARD INS.
P.O. BOX A-H
ATTN: PRES OR GEN COUNSEL
WILKES BARRE, PA 18703


BIOWORLD EUR
MOLENWERF 23
1911DB UITGEEST, NETHERLANDS


BRIGHTCOVE, INC.
290 CONGRESS ST., 4TH FL.
ATTN: PRESIDENT OR LEGAL
BOSTON, MA 02210


BROADVIEW NETWORKS
P.O BOX 9242
UNIONDALE, NY 11555


CARLISLE CO.
PO BOX 9878
ROSEVILLE, CA 95678


CDW ELECTRONICS


CHANGES
88-36 77 AVENUE
RIDGEWOOD, NY 11385


CITICORP CREDIT SERVICES, INC.
ONE COURT STREET
ATTN: PRESIDENT OR LEGAL
LONG ISLAND CITY, NY 11120


CLOUDABILITY
718 SW ALDER ST., SUITE 300
PORTLAND, OR 97205


COLUMBIA TRISTAR MARKETING GRP
10202 WEST WASHINGTON BLVD
CULVER CITY, CA 90232


CONVERGYS INTERNATIONAL EUROPE
KABELWEG 43
1014 BA AMSTERDAM NETHERLANDS

COOK & BECKER
DAMRAK 68-5A
1012LM AMSTERDAM NETHERLANDS


CORBIS ENTERTAINMENT
250 HUDSON ST
NEW YORK, NY 10013


CROWN MEDIA UNITED STATES, LLC
12700 VENTURA BLVD
ATTN: CHAD HARRIS
STUDIO CITY, CA 91604


CTI TEKSOURCE
PO BOX 75343
CHICAGO, IL 60675-5343


CYBER SOURCE CORPORATION
PO BOX 742842
LOS ANGELES, CA 90074


DARK HORSE COMICS
10956 SE MAIN STREET
PORTLAND, OR 97222


DAS HORN LLC
P.O. BOX 36-20320
NEW YORK, NY 10129


DEMON MUSIC GROUP LIMITED
101 WOOD LANE
BBC WW LTD TV CENTRE
LONDON W12 7FA


E-NOR
3000 SCOTT BLVD., STE 216
SANTA CLARA, CA 95054


E-NOR, INC.
3000 SCOTT BLVD., SUITE #216
SANTA CLARA, CA 95054


E-NOR, INC.
3000 SCOTT BLVD., SUITE #216
SANTA CLARA, CA 95054

EASTRIDGE WORKFORCE SOLUTIONS
SECURE TALENT INC
P.O BOX 843208
LOS ANGELES, CA 90084


EDR & ASSOCIATES, INC
5 PARTRIDGE LANE
GUILFORD, CT 06437-1328


EIDE BAILLY
5929 FASHION POINT DR.
STE 300
OGDEN, UT 84403


EIDE BAILLY LLP
5929 FASHION PT DR., STE. 300
OGDEN, UT 84403


ENTERTAINMENT ONE
P.O BOX 5962
ATTN: PRES OR GEN COUNSEL
NEW YORK, NY 10087


ERIC SEILER, ESQ. (RE: SONY)
FRIEDMAN KAPLAN SEILER ET AL.
7 TIMES SQUARE
NEW YORK, NY 10036


ESSENTIAL ARTIST SERVICES
P.O. BOX 415000
NASHVILLE, TN 37241


EVERYTHING LEGWEAR
2211 HAWKS LANDING
FAYETTEVILLE, AR 72704


FEDEX
P.O BOX 371461
ATTN: PRES OR GEN COUNSEL
PITTSBURGH, PA 15250


FIRST UNUM LIFE INSURANCE CO.

FRAGOMEN, DEL REY, BERNSEN
75 REMITTANCE DR.
SUITE 6072
CHICAGO, IL 60675


FREEWHEEL MEDIA, INC.


FRIEDMAN KAPLAN SEILER ET AL.
RE: SONY CORP OF AMERICA
1 GATEWAY CENTER
NEWARK, NJ 07102-5311


FUNKO
P.O. BOX 677876
DALLAS, TX 75267


GERMANY VAT AUTHORITY
LEVEL 8, WESTGATE HOUSE
LONDON W5 1YY


GLOBAL COLLECT SERVICES BV
PLANETENWEG 43-59, 2132 HM
HOOFDDORP NETHERLANDS


GOLD LABEL GOODS, LLC
3060 EL CERRITOPLAZA, #342
EL CERRITO, CA 94530


GOOGLE
1600 ANPHITHEATRE PKWY
MOUNTAIN VIEW, CA 94043


GRAEME MCCOLM
1.15 OXO TOWER WHARF,
BARGE HOUSE, LONDON SEI 9PH


HACHETTE BOOK GROUP
PO BOX 8828
JFK STATION
BOSTON, MA 02114


HINDUJA GLOBAL SOLUTIONS
4355 WEAVER PARKWAY, SUITE 310
WARRENVILLE, IL 60555

HYBRID APPAREL
10711 WALKER STREET
CYPRESS, CA 90630


INSIGHT EDITIONS L.P.
800 A STREET, SUITE B
SAN RAFAEL, CA 94901


IPSOFT
17 STATE ST, 14TH FL
NEW YORK, NY 10004


IRELAND VAT AUTHORITY
LEVEL 8, WESTGATE HOUSE
LONDON W5 1YY


ITV STUDIOS, INC.
609 GREENWICH STREET, 9TH FL
NEW YORK, NY 10014


JAKPRINTS INC
3133 CHESTER AVE.
CLEVELAND, OH 44114


JAZZ AT LINCOLN CENTER
3 COLUMBUS CIRCLE, 12TH FL.
NEW YORK, NY 10019


JAZZ AT LINCOLN CENTER
3 COLUMBUS CIRCLE, 12 FL
NEW YORK, NY 10019


JFROG, INC.
3945 FREEDOM CIRCLE
ATTN: PRESIDENT OR LEGAL
SANTA CLARA, CA 95054


JJS ENTERPRISES LLC
9457 LAKE WASHINGTON BLVD NE
ATTN: PRES OR GEN COUNSEL
BELLEVUE, WA 98004


JUAN PATINO
415 WEST 52ND ST. SUITE #2A
NEW YORK, NY 10019

JUST FUNKY LLC
201 E LIBERTY STREET 2ND FLOOR
WOOSTER, OH 44691


KING.COM LTD - ARAGON BUS. CTR
LV 4, DRAGONARA RD. ST JULIANS
STJ3140 MALTA


KONTRABAND LTD.
STUDIO D, UNIT 4 , THANE WORKS
LONDON, N7 7NU


KRAUTER & COMPANY
1350 AVE OF THE AMERICAS
18TH FLOOR
NEW YORK, NY 10019


LEGENDARY PICTURES PRODUCTIONS
2900 W ALAMEDA AVE, STE 1500
ATTN: D. FRIEDMAN OR LEGAL
BURBANK, CA 91505


LIMITED STORES LEASE SERVICES
52 WESTERVILLE SQ. SHOPPINGCTR
PMB #275
WESTERVILLE, OH 43081


LIMITED STORES, LLC
PO BOX 182674
ATTN: LEGAL
COLUMBUS, OH 43218-2674


LIMITED STORES, LLC
PO BOX 182674
ATTN: LEGAL
COLUMBUS, OH 43218-2674


LIONS GATE ENTERTAINMENT INC.
2700 COLORADO AVE.
ATTN: D FRIEDMAN OR LEGAL
SANTA MONICA, CA 90404


LUIZ FELIPE PEREIRA
2901 S.SEPULVEDA BLVD.
APT 240
LOS ANGELES, CA 90064

MARKMONITOR, INC.
P.O. BOX 71398
CHICAGO, IL 60694-1398


MBLOX
1100 ABERNATHY RD
500 NORTHPARK TOWNCTR, STE1200
ATLANTA, GA 30328


MBLOX INC.
1100 ABERNATHY ROAD, SUITE1200
500 NORTHPARK TOWNCENTER
ATLANTA, GA 30328


MCFARLANE TOYS
1711 W GREENTREE DR., STE 212
TEMPE, AZ 85284


MERIDIAN INTERNATL VAT CONSULT
LEVEL 8, WESTGATE HOUSE
WESTGATE, LONDON W5 1YY UK


MERIDIAN INTL VAT CONSULTING
LEVEL 8, WESTGATE HOUSE
WESTGATE, LONDON W5 1YY


MGM


MGM CONSUMER PRODUCTS
245 N. BEVERLY DRIVE
ATTN: FINANCE OR LEGAL
BEVERLY HILLS, CA 90210


MGM CONSUMER PRODUCTS
245 N. BEVERLY DRIVE
ATTN: FINANCE OR LEGAL
BEVERLY HILLS, CA 90210


MICHAEL R. YELLIN, ESQ
COLE SCHOTZ P.C., CT PLAZA N.
25 MAIN ST, BOX 800
HACKENSACK, NJ 07602-0800

MIMIMI PRODUCTIONS UG
BERG-AM-LAIM-STRAßE
64 81673 MüNCHEN GERMANY


MORPHOGENIC CORPORATION
PO BOX 110498
ATTN: ALEX AGRANOV
BROOKLYN, NY 11211


MOUNTAIN STATE SOFTWARE
 1884 KABLETOWN RD
CHARLES TOWN, WV 25414


MPS (MACMILLIAN PUBLISHERS)
16365 JAMES MADISON HIGHWAY
GORDONSVILLE, VA 22942


MS3
1884 KABLETOWN RD
CHARLES TOWN, WV 25414


MSG HOLDINGS, L.P.
2 PENNSYLVANIA PLAZA, 14TH FL
NEW YORK, NY 10121


MSG HOLDINGS, L.P.
2 PENNSYLVANIA PLAZA, 14TH FL
NEW YORK, NY 10121


MSL GROUP
2001 THE EMBARCADERO
SAN FRANCISCO, CA 94133


MSLGROUP AMERICAS, INC.
2001 THE EMBARCADERO
SAN FRANCISCO, CA 94133


MULESOFT, INC.
77 GEARY STREET, SUITE 400
ATTN: PRESIDENT OR LEGAL
SAN FRANCISCO, CA 94108

NATL ENTERTAINMENT COLLECTIBLE
603 SWEETLAND AVE.
ATTN: PRES OR GEN COUNSEL
HILLSIDE, NJ 07205


NETHERLANDS VAT AUTHORITY
LEVEL 8, WESTGATE HOUSE
WESTGATE, LONDON W5 1YY


NETSUITE INC.
2955 CAMPUS DRIVE, SUITE 100
ATTN: GENERAL COUNSEL
SAN MATEO, CA 94403


NEUSTAR, INC.
21575 RIDGETOP CIRCLE
STERLING, VA 20166


NOREX, INC.
5505 COTTONWOOD LANE
PRIOR LAKE, MN 55372


NORTH AMERICAN BEAR CO.
120 W 35TH ST.
CHICAGO, IL 60609


NORTHPOINT SOLUTIONS LLC
130 WEST 42ND STREET
ATTN: JEFFREY PENNER OR LEGAL
NEW YORK, NY 10036


OLD MODERN HANDICRAFTS
19449 E WALNUT DR.
ROWLAND HEIGHTS, CA 91748


PEANUTS WORLDWIDE LLC
1450 BROADWAY
ATTN; ASSOC GENERAL COUNSEL
NEW YORK, NY 10018


PHILLIPS, ERLEWINE, GIVEN ETAL
39 MESA STREET, SUITE 201
SAN FRANCISCO, CA 94129

POLYPHONIC PRODUCTIONS, LLC
37-17 84TH STREET, #31
ATTN: GENERAL COUNSEL
JACKSON HEIGHTS, NY 11372


POW! ENTERTAINMENT, INC.
9440 SANTA MONICA BLVD
SUITE 620
BEVERLY HILLS, CA 90210


PROPELLER INDUSTRIES
50 FRANCISCO STREET, STE 130
ATTN: GENERAL COUNSEL
SAN FRANCISCO, CA 94133


PROVIDENT DISTRIBUTION LLC
741 COOL SPRINGS BLVD.
FRANKLIN, TN 37067


PYRAMID AMERICA
1 HAVEN AVENUE
ATTN: PRES OR GEN COUNSEL
MOUNT VERNON, NY 10553


RACKSPACE
P.O BOX 730759
ATTN: PRES OR GEN COUNSEL
DALLAS, TX 75373


RAKUTEN MARKETING LLC
P. O. BOX 415613
BOSTON, MA 02241-5613


RAKUTEN MEDIAFORGE
P. O. BOX 415613
BOSTON, MA 02241-5613


RED MUSIC-SONYMUSICENTERTAINMT
P.O. BOX 28571
ATTN: PRES. OR GEN. COUNSEL
NEW YORK, NY 10087


RETURN PATH, INC.
3 PARK AVENUE, 41ST STREET
ATTN: PRES OR GEN COUNSEL
NEW YORK, NY 10016

RIGHT SCALE
402 E GUTIERREZ ST
SANTA BARBARA, CA 93101


ROBLOX
60 EAST 3RD ST #301
ATTN: PRES OR GEN COUNSEL
SAN MATEO, CA 94401


ROCKLOVE JEWELRY
PO BOX 10500
STATEN ISLAND, NY 10301


SENDGRID, INC.
1401 WALNUT STREET, STE 500
ATTN: PRES OR GEN COUNSEL
BOULDER, CO 80302


SHAWN GREGG LLC
1655 FLATBUSH AVE, B1401
ATTN: SHAWN GREGG
BROOKLYN, NY 11210


SHI
P.O. BOX 952121
DALLAS, TX 75395-2121


SHOUT FACTORY
2034 ARMACOST AVE
FIRST FLOOR
LOS ANGELES, CA 90025


SMARTLING
1375 BROADWAY 14 FLOOR
NEW YORK, NY 10018


SMARTLING, INC.
1375 BROADWAY, 14TH FL.
NEW YORK, NY 10018


SNEAK ATTACK MEDIA
118 E 28TH STREET, #301
ATTN: M. WANDNER
NEW YORK, NY 10016

```
SONY COMPUTER ENT EUROPE LTD
10 GREAT MARLBOROUGH STREET
LONDON,  W1F 7LP


SONY CORPORATION OF AMERICA
25 MADISON AVE., 26TH FL.
ATTN: D. PRZYGODA, P. KIM
NEW YORK, NY 10010


SONY CORPORATION OF AMERICA
REAL ESTATE DEPT. (ATTN: VP)
550 MADISON AVE.
NEW YORK, NY 10022


SONY CORPORATION OF AMERICA
550 MADISON AVE.
ATTN: LEGAL DEPARTMENT
NEW YORK, NY 10022


SONY DADC



SONY DADC UK LTD
SOUTHWATER BUSIN PK,WORTHINGRD
 SOUTHWATER, WEST SUSSEX RH13


SONY GLOBAL TREASURY
15TH FL., AVIVA TOWER
ST. HELENS, 1 UNDERSHAFT
LONDON EC3A 8NP


SONY MUSIC
P.O. BOX 28571
ATTN: PRES OR GEN COUNSEL
NEW YORK, NY 10087


SONY MUSIC ENT INT'L
AM ÖLBACH 19
33334 GüTERSLOH, GERMANY


SONY MUSIC ENTERTAINMENT
PO BOX 28571
NEW YORK, NY 10087
```

```
SONY MUSIC ENTERTAINMENT
P.O BOX 28571
NEW YORK, NY 10087


SONY PICTURES CONSUMER PRODS.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SONY PICTURES CONSUMER PRODS.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SONY PICTURES CONSUMER PRODS.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SONY PICTURES CONSUMER PRODS.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SONY PICTURES CONSUMER PRODS.
10202 W. WASHINGTON BLVD
ATTN: SVP GLOBAL CONS PRODS
CULVER CITY, CA 90232


SONY PICTURES CONSUMER PRODS.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SONY PICTURES HOME ENTERTAINMT
PO BOX 120001
DEPT 0648
DALLAS, TX 75312


SONY PICTURES TELEVISION
10202 W. WASHINGTON BLVD.
JACK COHN BLDG. STE 3167
CULVER CITY, CA 90232
```

SONY PICTURES TELEVISION INC.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SONY PICTURES TELEVISION INC.
10202 W WASHINGTON BLVD
ATTN: PRES OR GEN COUNSEL
CULVER CITY, CA 90232


SPAIN VAT AUTHORITY
LEVEL 8, WESTGATE HOUSE
LONDON W5 1YY


SPUN CANDY LTD
49 BEDFORD STREET
LONDON WC2E 9HA


STAPLES
DEPT NY P.O BOX 415256
ATTN: PRES OR GEN COUNSEL
BOSTON, MA 02241


STAR*GIFTS.COM
REDLAND ROAD, BRISTOL
BS6 6YE UNITED KINGDOM


STARZ


STREAM20
5201 GREAT AMERICA PKWY
SUITE 320
SANTA CLARA, CA 95054


STREAM:20, LLC
5201 GREAT AMERICA PKWY
SUITE 320
SANTA CLARA, CA 95054


TERVIS
P.O BOX 742714
ATLANTA, GA 30374

THE JIM HENSON COMPANY, INC.
1416 N LABREA AVE
ATTN: PRES OR GEN COUNSEL
LOS ANGELES, CA 90028


THE JIM HENSON COMPANY, INC.
1416 N LABREA AVE
ATTN: PRES OR GEN COUNSEL
LOS ANGELES, CA 90028


THE LIMITED
7775 WALTON PKWY, STE 400
NEW ALBANY, OH 43054


THE OFFICIAL UK CHARTS COMPANY
RIVERSIDE BLDG, COUNTY HALL
WESTMINSTER BRIDGE RD, LONDON
SE1 7JA


THE OFFICIAL UK CHARTS COMPANY
RIVERSIDE BLDG, COUNTY HALL
WESTMINSTER BRIDGE RD, LONDON
SE1 7JA


THE ORCHARD
23 E 4TH STREET 3RD FLOOR
NEW YORK, NY 10003


THE WEINSTEIN COMPANY LLC
9100 WILSHIRE BLVD, STE 700W
ATTN: PRES OR GEN COUNSEL
BEVERLY HILLS, CA 90212


THREEZERO (HONG KONG) LIMITED
FLAT A 3/F, 169 WAI YIP ST.
KWUN TONG, KLN ,HONG KONG


TICKETMASTER UK LIMITED
2ND FL REGENT ARCADE HOUSE
19-25 ARGYLL ST., LONDON
W1F 7TS


TIME WARNER CABLE
41-61 KISSENA BLVD
FLUSHING, NY 11355

TIME WARNER CABLE BUS. CLASS A
41-61 KISSENA BLVD
FLUSHING, NY 11355


TRENDS INTERNATIONAL
P.O. BOX 347285
ATTN: PRES OR GEN COUNSEL
PITTSBURGH, PA 15251


UMGD
3905 VINCENNES ROAD, SUITE 400
INDIANAPOLIS, IN 46268


UNITED HEALTHCARE
DEPT. CH 10151
PALATINE, IL 60055


UNIVERSAL STUDIOS LICENSING
401 COMMERCE STREET
NASHVILLE, TN 37219


UPS
28013 NETWORK PLACE
CHICAGO, IL 60673-1280


VANDOR
25888 NETWORK PLACE
CHICAGO, IL 60673


VANILLA FORUMS
388 SAINT-JACQUES, STE 800
MONTREAL QC H2Y 1S1 CANADA


VIZ MEDIA, LLC
1355 MARKET STREET, STE 200
ATTN: PRES OR GEN COUNSEL
SAN FRANCISCO, CA 94103


WALKERS SHORTBREAD
170 COMMERCE DRIVE
ATTN: PRES OR GEN COUNSEL
HAUPPAUGE, NY 11788

WB MASON
59 CENTRE ST.
BROCKTON, MA 02301


WCTH SEASON 2 PRODUCTIONS LLC
10635 SANTA MONICA BLVD,#180
ATTN: PRES OR GEN COUNSEL
LOS ANGELES, CA 90025


WE TV LLC
11 PENN PLAZA
ATTN: PRES OR GEN COUNSEL
NEW YORK, NY 10001


WEA
SPECIAL MARKETS
32253 COLLECTION CENTER DR.
CHICAGO, IL 60693


WILD BLUE INDUSTRIES
245 8TH AVENUE #344
NEW YORK, NY 10011


WINDSTREAM
P.O BOX 9001013
LOUISVILLE, KY 40290


WPT ENTERPRISES, INC.
1920 MAIN STREET, #1150
ATTN: PRES OR GEN COUNSEL
LAGUNA BEACH, CA 92651


XPO LOGISTICS
P.O. BOX 2693
NEW YORK, NY 10108


YIELDIFY
1412 BROADWAY 22ND FLOOR
ZEUS ENT. INC YIELDIFY @ GRIND
NEW YORK, NY 10018

# United States Bankruptcy Court
## Southern District of New York

In re  **MyPlay Direct, Inc.** _____          Case No. _____
                                        Debtor(s)                Chapter    __11_____

# VERIFICATION OF CREDITOR MATRIX

I, the Interim Chief Financial Officer of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:  **August 25, 2016** _____          **/s/ Jeremy Bernstein** _____
                                              **Jeremy Bernstein/Interim Chief Financial Officer**
                                              Signer/Title